Good morning. My name is Margaret Cates. I'm an attorney with the Federal Defender's Office in Albuquerque. I represent the appellant Archie Manzanares. I listened to one of the crime of violence, New Mexico robbery. And at the end of my colleague's argument, Judge Briscoe, you said, it's not that we don't care, that we don't understand, it's just that we've heard it so many times. And I appreciate your frustration. But I think we're going to keep- I think at that point it was boredom. I'm sorry. No, I do. I appreciate your- It was the end of a long week. Well, but I think the point is well taken. But I think the fact is, we're going to keep hearing those cases because the term force is vague, and dare I say, vague like the now unconstitutionally vague residual clause. There's sort of a conflation of the concept of force as in just any kind of movement, like Newtonian force, and a term of art that's in a federal statute, the Armed Career Criminal Act, and that is defined by the Supreme Court in Johnson 1 as violent force, force that's capable of causing physical pain or injury. And that definition adopted and expanded- Isn't our measure to overcome resistance? As far as what constitutes force- Robbery, robbery, New Mexico robbery. So I think it's a combination of things. Yes, New Mexico talks about overcoming force, overcoming resistance, although I would point out, I think this is important, in the jury instruction for robbery, the jury instruction does not instruct the jury that that's what the standard is to overcome resistance. It merely says that the amount of force is immaterial. The separation of property from the person of another, and that's the UJI 141620. Well, well, well, we're not here on a challenge to jury instructions, right? This is 2255. So you're saying unconstitutional, right? But just to jump ahead, I- Well, how do you get around U.S. v. Garcia? It has to be a Tenth Circuit case, I think. Well, it is a Tenth Circuit case. And we are the Tenth Circuit. You are the Tenth Circuit, but I think there are a number of reasons why- Are you saying it's wrong? I do think it's wrong, but I'm going to, but I think, here's why I don't think you're bound by it. No panel is bound by a decision of another panel if the same argument, if it's a different argument that's presented to you. And I'm presenting you with a different argument that was- It's the same issue. Well, globally it is. All this robbery in New Mexico, a crime of violence for purposes of the enhancement of the Armed Career Criminal Act. But there are many issues within that question of whether or not it is and how it gets decided. But we've held that the New Mexico robbery does contain an element of force and it's a violent felony. In Garcia, the court did find that New Mexico robbery was a crime of violence. However, a couple of things, Your Honor. That decision came out before Stokely, which clarified the need for Johnson One Force. But it didn't change it. It didn't change it as far as what? Well, Stokely didn't make a big difference. No, Stokely specifically adopted and said, we are adopting and continuing Johnson One Force. They basically expanded it to the idea that the force could include overcoming resistance. The question that Judge Briscoe was asking me. But I think Garcia is just not in keeping with earlier Supreme Court cases. Just I'll quote two things from Garcia why I think it's not really on point. Garcia said, New Mexico robbery authoritatively discussed in Bernal, a case that has nothing to do with determining whether or not New Mexico robbery is a crime of violence. Basically, it talked about whether robbery was a crime against a person or a crime against property. But be that as it may, the court went on to say, and actually applied in New Mexico courts categorically matches the definition of the physical force from the Supreme Court in Johnson One. That's just plain incorrect because Johnson One Force is violent force. Force that can potentially, is capable of causing physical pain or injury to another. And we have very specific cases in New Mexico that talk about force that is not Johnson Force, Johnson One Force. But if I could just. Well, the whole theory and premise of Bernal, if that's how it's pronounced, was to reference violence and distinguish robbery from larceny. Right? I mean, that was the nut of the opinion. What the actual issue in Bernal was, the case looked at whether a single intent with multiple acts can only constitute one crime. That's not our issue. They did talk about whether robbery was basically larceny plus assault equals robbery. Right. I mean, they did talk about that. But that, I don't want to go so far as to say that it was dicta, but that wasn't the issue in the case. The issue in the case was whether or not there were, because there were multiple victims, could they each have a charge even though the conduct was different? But can I go back to my original point for a moment about this parade of cases that's coming before you? And what I would suggest a way to do to stop the parade of cases is maybe to do the opposite of what we're doing. Right. We keep coming in front of you and we look backwards to see how the court defined it and what the elements are. And it's obviously not clear. It's vague. Or we would not be coming back. But if the court would tell federal prosecutors that unless a state court makes clear that what is needed, the type of force that is needed to commit a robbery in our state is Johnson one level force. Unless the state says that, we're not going to consider that predicate offense for purposes of the armed group criminal. So you would like us to certify a question in this case and ask the New Mexico Supreme Court to please define what they mean by robbery? Your Honor, that was my second idea that under the 10th Circuit. I never in my experience have I seen a certified question out of a 20 to 55 to the Supreme Court of a state, but it's an interesting idea. I like your cutting edge idea. I think that, but I think it's not fair to the court nor to the parties that we are, we're guessing. And the truth is, unless the federal courts are clear in saying what their standard is, that we want to hear, we want a state court to clearly say, in order to commit our state court offense of robbery, there must be Johnson one slash Stoeckling level violence. If they don't have that, maybe within their state, they can call it robbery, but it doesn't make a predicate offense for purposes of the Armed Career Criminal Act. Well, I go back to my original question. What is there about Garcia that decided that New Mexico robbery does contain an element of force and is a violent felony? Stoeckling did not disagree with that. In fact, they concluded that robbery satisfies the Johnson test. And we said that New Mexico, it's a violent felony. Now, why do we have to keep going back and repeating it? Why don't you read the cases and then say, OK, they've decided that issue. And then we'd stop the parade of people coming up and making the same argument over and over and over again. Because the problem is it won't stop, because the answer isn't as clear, Your Honor, as it is making it sound. Because part of the process is, each time, you have to look at what is the least culpable way of committing that crime. And that keeps changing, because there are new cases that get cited. Well, it doesn't change in New Mexico. We've decided that's a violent felony. Right. But how do you decide it's a violent felony? We've decided it. It's done. I beg to differ. The reason I don't think it's done, Your Honor, is because there are 50 states that have robbery statutes. But we're looking at New Mexico. Right. My home state. But the issue is the same. Every time there is a new, less culpable way of committing a robbery, litigants are going to have to come before you, because that's what the test is. Again, I feel like it's a reverse test. Instead of the court affirmatively saying, state courts, don't make us guess. Don't make us do all the litigation and go through each case and say, and there's no way we can reasonably look at some of those cases in New Mexico and say that's Johnson level force. That's not violent force capable of causing physical pain or injury. It's physical force. It's physical force. Right. But physical force is defined as violent force capable of causing physical pain or injury. It's not just Newtonian force. All force is physical. You can give him a slap in the face. That's violent. I don't disagree that a slap in the face is violent. But I don't think pushing a bag through someone's arm where you incidentally touch their arm, and they may have stumbled but didn't fall, that's not violent. That's a purse snatch. This court, I think this court. In New Mexico, he would not be convicted of robbery if that's what happened. That would be a misdemeanor. That's incorrect, Your Honor. Those are the exact facts of curly. Those are the facts of cloaky. Those are the exact facts. Basically, they are purse snatches with incidental touching. And I would ask this court to look at your analysis in Bong. I think the statute in New Mexico. Whoa, whoa, whoa. Different statute. Kansas statute, different requirements. So don't say Bong counters or overcomes or overrules Garcia. Because we're looking at different statutes. I'm sorry. The analysis should be the same. Let's look at the statutes. There's a New Mexico robbery statute. We're talking about a Kansas robbery statute. And then because of Stokelying, a Florida robbery statute. The truth is that New Mexico robbery, the critical words I use, by use or threatened use of force. Kansas, by threat of bodily harm to his person or to another by force. Almost exactly the same. Threat. Threat. You don't have the resistance. You don't have? Wait, I'm not sure. We're supposed to be focused on resistance, right? Overcoming the resistance of the victim. I mean, that's the Supreme Court case. So any kind of lack of clarity that you're concerned with, I think, is swept away with Stokelying, isn't it? I disagree. I think Stokelying makes clear that Johnson won force is required, and that I believe the court is referring to the Supreme Court case in New Mexico, the Clokey case, where there was a 70-year-old woman whose purse was under her arm. She gave no resistance, no struggle. Her arm was touched, and she stumbled. That was found to be, according to Garcia, because Garcia said that this court looked at it being Johnson level force. And then again, post-Garcia, there's Stokelying that reaffirms the idea. Can I just make this point, because I say only have two minutes. I'm not usually good at reserving any time. So I think we can't lose sight of what's the purpose of the Armed Career Criminal Act. I mean, the Armed Career Criminals in jail. Excuse me? To put armed career criminals away for a longer period of time. Absolutely. And when you rip something off somebody, even if it only makes them trip, that may be sufficient overcoming their resistance. But the Armed Career Criminal Act, the armed, but I think it's easy to say everybody who commits a crime is bad, and then just throw them all in the same bucket and say 15-year mandatory minimum. But the Supreme Court has been really clear to say the point of the Armed Career Criminal Act is to look at past crimes to determine which offenders create a special danger by possessing a gun. That's the issue. By their prior conduct, what is it about that that you would think, when that person possessed a gun, that they posed a special danger? A history of crimes involving purposeful, violent, and aggressive conduct shows an increased likelihood that the offender is the kind of person who might deliberately point a gun and pull the trigger. I mean, I think that's critical. And here, the court is having to parse out the language of whether pushing a bag through or an incidental touch. All I'm suggesting is I think that certifying the question to the Supreme Court is a great idea. Or even just this court could make a decision telling federal prosecutors that you're not going to accept something from New Mexico or any state unless it's made clear that the force to overcome resistance, it still has to be force that is violent force that's painful, pain, or injury. Can I reserve my final 27 seconds? Sure. Thank you. Good morning, Your Honors. Good morning. May it please the court, counsel. My name is Paige Messick. I'm an assistant United States attorney in the District of New Mexico. Your Honors, the district court here granted a certificate of appealability 17 days before this court decided Garcia, in which it held that New Mexico robbery is categorically a violent felony. And incidentally, in a case decided after Garcia, this same district judge denied a COA on exactly the same issue. And then this court did the same thing on appeal. And that was last year's Borrella case. All of this is to say that we are standing now in a very different landscape than when this case began. And that landscape is defined by Garcia. It's also, of course, defined by Stoeckling. Manzanares' argument boils down to the claim that Garcia was wrongly decided and that Stoeckling doesn't control. The government happens to disagree forcefully, you might say, with both of these arguments. But that's almost beside the point, because Manzanares has not explained how a three-judge panel of the court could overturn Garcia, a published, on-point decision of the court. So this court could affirm here because Garcia controls. And that would certainly be sufficient to stop the parade. The court could also affirm because Stoeckling controls. Now, Manzanares is arguing, as I understand it, that in New Mexico, the force used to overcome a victim's resistance isn't necessarily violent enough to count under the ACCA, because any force that is used to overcome resistance would count in New Mexico, no matter how slight. The problem with that argument is that was precisely the situation in Stoeckling. That was the case with the Florida statute that was at issue there. And the Supreme Court made clear that that was enough for the ACCA. And common law robbery, too, also allowed any force, no matter how slight, to count. Stoeckling made it clear that the common law doesn't distinguish between gradations of force. Now, Manzanares seems to think that Stoeckling also of robbery, that there has to be a struggle or a physical contest that, in fact, over- So is physical force required? You're using the phrase, any force. Is that correct? It has to be physical force. It has to be a Johnson-level force. But what the Supreme Court made clear in Stoeckling is that Johnson-level force can be any slight force that overcomes a victim's resistance. We don't ask how strong that force was. Stoeckling gave some examples of very minimal force, like taking a pin out of someone's hair when doing so rips one hair from their head. So it's clear that we don't have to ask, in overcoming resistance cases, how strong was that force used to overcome resistance. Now, we don't also have to have, in every robbery case, actual overcoming resistance. That's certainly enough. That's what Stoeckling was about. But there are other ways to commit a robbery, such as doing something to prevent resistance at all, such as coming up behind somebody, knocking them over the head, and then stealing their wallet while they're unconscious. That's absolutely robbery at common law and in New Mexico. And it doesn't involve overcoming resistance, because it prevented any resistance. The same would be true when somebody takes property by threat of force. That doesn't necessarily mean that there's going to be a physical contest. The point of the struggle is, or the point of the threat, is to prevent the physical contest. So when Manzanares points in his brief to various cases in New Mexico that don't involve a physical contest, that does not show that New Mexico doesn't require the kind of force that the ACCA asks for. The court could affirm for a third reason if it needed to. I don't believe that it would. But it could also affirm because Manzanares has not shown that the district court in his case, in his initial sentencing, actually relied on the residual clause when it imposed sentence. Now, Manzanares says that the government has waived this argument by not raising it before. I have always been clear that we did not raise it before, and it was not decided by the courts before. But this is exactly the same position that the Borrella case was in. There, there was also a report and recommendation by the magistrate judge, which did not reach the reliance question. The government didn't argue reliance, and the district court also didn't determine reliance. And then this court, sua sponte, looked first to reliance to see whether Borrella had established that his sentence was imposed relying on the residual clause. So if it needed to, the court could reach that issue here, because it can affirm for any ground supported by the record, and that certainly is. Manzanares has still not made any effort to carry what is his burden to establish that the district court improperly relied on the residual clause when it imposed sentence. So there are three separate reasons that the court could affirm the district court's decision here. If there aren't any questions, then I'd be happy to return the rest of my time. What do we do with Bong? Bong is a case, as you pointed out, Judge Briscoe, dealing with a different statute, one in Kansas. The difference is the Kansas statute actually can be committed by a mere snatching, unlike New Mexico. So the difference is in the two statutes. At least that is how Kansas's Supreme Court had interpreted its own statute. We don't have that same situation in New Mexico. What about the idea of certifying a question to the New Mexico Supreme Court? We could put this on hold for approximately two to three years that way. I think the case has been on hold already for quite some time, being abated during Garcia and Stokelyne. I don't think that the court needs to do that. The court decides issues of state law in federal cases all the time. And I don't believe that it normally resorts to the certification process. It would also be kind of a strange thing to ask the New Mexico Supreme Court to say whether its statute requires a federal definition of force that really has no importance to New Mexico courts. So no, I don't think that the court needs to or should certify the case to the New Mexico Supreme Court. Thank you. Thank you. New Mexico says that the amount of force is immaterial. How can immaterial level of force possibly be Johnson level 1 force, even to overcome resistance? When the case is to talk about overcoming resistance, there's that level of force to overcome resistance. It's not no force to overcome resistance. It's physical force that could be violent force. And we can't now be saying that de minimis force or slight force, which the New Mexico says is immaterial, is sufficient to satisfy Johnson 1 and Stokely. And unless I can have Ms. Messick's time, no. It doesn't work that way. Thank you. The case is submitted, and we appreciate.